

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*      973-645-2700
*Newark, New Jersey 07102*

July 7, 2022

***Via Email***
Daniel Holzapfel, Esq.
Biancamano Law, LLC
42A North 20th Street
Kenilworth, NJ 07033

       Re:    <u>Plea Agreement with Francisco Landeros</u>
             Crim. No. 22-

Dear Mr. Holzapfel:

      This letter sets forth the plea agreement between your client, Francisco Landeros ("Defendant" or "LANDEROS"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **August 12, 2022**, if it is not accepted in writing by that date.

<u>Charges</u>

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from LANDEROS to a one-count Information, which charges LANDEROS with: on or about May 26, 2021, possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)

      If LANDEROS enters a guilty plea and is sentenced to a term of imprisonment within the range of 36 to 60 months and three years of supervised release (the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against LANDEROS for distributing or possessing with the intent to distribute controlled substances, or for conspiring to distribute controlled substances, on or about May 26, 2021. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, LANDEROS agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the

date this agreement is signed by LANDEROS may be commenced against him, notwithstanding the expiration of the limitations period after LANDEROS signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

Sentencing

The violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) to which LANDEROS agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greater of: (1) $1,000,000; or (2) twice the gross profits or other proceeds to LANDEROS.

Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on LANDEROS, the sentencing judge: (1) will order LANDEROS to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order LANDEROS to pay restitution pursuant to 18 U.S.C. § 3663, et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461, including forfeiture of all firearms and ammunition involved in the charged offenses; (4) may deny LANDEROS certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require LANDEROS to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should LANDEROS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, LANDEROS may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and LANDEROS agree that a sentence within the range of 36 to 60 months' imprisonment and a three-year term of supervised release is the

appropriate disposition of the case.  Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence LANDEROS to a custodial sentence within the range of 36 to 60 months and a three-year term of supervised release.  If however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, LANDEROS has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the Government also reserves the right to withdraw from the plea agreement.

Forfeiture

     LANDEROS agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

     LANDEROS further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offenses charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

     LANDEROS waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, LANDEROS consents to the entry of a Consent Judgment of Forfeiture that will be final as to LANDEROS prior to LANDEROS's sentencing. LANDEROS understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of LANDEROS's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. LANDEROS hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on LANDEROS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of LANDEROS's activities and relevant conduct with respect to this case.

Stipulations

This Office and LANDEROS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or LANDEROS from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

This Office and LANDEROS agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. LANDEROS further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28

U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.  But this waiver does not apply to:

(1) Any proceeding to revoke the term of supervised release;

(2) A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A);

(3) An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement.  Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

Immigration Consequences

LANDEROS understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making his deportable, excludable, or inadmissible, or ending his naturalization. LANDEROS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. LANDEROS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  LANDEROS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, LANDEROS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against his. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against his.

No provision of this agreement shall preclude his from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that LANDEROS received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between LANDEROS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

_____
Robert Frazer
Assistant U.S. Attorney

APPROVED:

_____
Jamel Semper
Deputy Chief, Criminal Division

I have received this letter from my attorney, Dan Holzapfel, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____         Date: 8/24/2022     Signed by Counsel
Francisco ~~Romero~~ Landeros                                 with client's
                                                              consent

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____         Date: 8/24/2022
Dan Holzapfel, Esq.
Counsel for Defendant

- 8 -

<u>Plea Agreement with Francisco Landeros</u>

<u>Schedule A</u>

This Office and LANDEROS agree to stipulate to the following facts:

      a.  On or about May 26, 2021, LANDEROS knowingly and intentionally possessed with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.